**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4194**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

BARRY LEWIS KIRKPATRICK,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr., Chief
District Judge.  (1:07-cr-00126-JAB-1)

_____

Submitted:  June 26, 2008              Decided:  July 1, 2008

_____

Before KING and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit
Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Robert Albert Jamison Lang, Assistant United States
Attorney, Winston-Salem, North Carolina; Angela Hewlett Miller,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barry Kirkpatrick pled guilty, pursuant to a written plea agreement, to robbery affecting interstate commerce, 18 U.S.C. § 1951 (2000) ("Hobbs Act"), and was sentenced to 174 months imprisonment. Kirkpatrick timely appealed. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), identifying no meritorious grounds for appeal but questioning whether the sentence imposed was reasonable. Although informed of his right to file a supplemental pro se brief, Kirkpatrick has not done so.

This court reviews the sentence imposed by the district court for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) treat the guidelines as advisory; (3) consider the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008); and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. While the district court must consider the various § 3553(a) factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). Further, this court considers that "[a] sentence within the proper Sentencing Guidelines range is presumptively

reasonable." <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007); <u>see</u> <u>also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within-guideline sentence).

Here, the district court followed the appropriate procedures in sentencing Kirkpatrick, and we find no abuse of discretion in its sentence of 174 months of imprisonment. We therefore find that Kirkpatrick's sentence is reasonable. In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -